James L. Davidson*
Aaron D. Radbil*
Jesse S. Johnson*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
jdavidson@gdrlawfirm.com
aradbil@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

*to seek admission *pro hac vice*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael McFadden, *on behalf of himself and others similarly situated*, | ) ) Case No. |
| Plaintiff, | ) ) CLASS ACTION COMPLAINT |
| v. | ) ) ) JURY TRIAL DEMANDED |
| Southwest Gas Corporation, | ) ) |
| Defendant. | ) ) |
| _____ | ) |

### Nature of this Action

1.     Michael McFadden ("Plaintiff") brings this class action against Southwest Gas Corporation ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3.     More specifically, upon information and good faith belief, Defendant

routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

4.    This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6.    For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

## Parties

7.    Plaintiff is a natural person.

8.    Plaintiff resides in Pima County, Arizona.

9.    Defendant is a provider of natural gas to residences and businesses.[1]

10.    Defendant is a wholly owned subsidiary of Southwest Gas Holdings, Inc. (NYSE: SWX), an investor-owned utility.

11.    Defendant is located in Clark County, Nevada.

## Factual Allegations

12.    Plaintiff is, and has been for more than three years or more, the sole and customary user of and subscriber to his cellular telephone number—(XXX) XXX-2061.

13.    In or around June 2023, Defendant began placing calls to telephone number (XXX) XXX-2061.

14.    For example, Defendant placed calls to telephone number (XXX) XXX-2061 on June 15, 2023 and July 13, 2023.

---

[1]    https://www.swgas.com/ (last visited July 21, 2023).

2

15.    Defendant placed its calls to telephone number (XXX) XXX-2061 from telephone number (702) 919-5252.

16.    When dialed, telephone number (702) 919-5252 delivers a greeting that begins: "Hello, this is Southwest Gas. We called with a message regarding your gas service."

17.    In connection with its calls, Defendant delivered to telephone number (XXX) XXX-2061 at least two artificial or prerecorded voice messages.

18.    For example, on June 15, 2023, Defendant delivered to telephone number (XXX) XXX-2061, from telephone number (702) 919-5252, an artificial or prerecorded voice message that states:

This is Southwest Gas calling with an urgent message regarding your gas service. If this is Louise Idagnino [sp?], please call 877-860-6020 regarding your account. Thank you. Goodbye.

19.    Defendant delivered to telephone number (XXX) XXX-2061, from telephone number (702) 919-5252, the same artificial or prerecorded voice message on July 13, 2023.

20.    Plaintiff listened to the artificial or prerecorded voice messages that Defendant delivered to telephone number (XXX) XXX-2061.

21.    Defendant placed its calls to telephone number (XXX) XXX-2061 intending to reach Louise Idagnino.

22.    Plaintiff is not Louise Idagnino.

23.    Plaintiff does not know Louise Idagnino.

24.    Plaintiff does not have an account with Defendant.

25.    Plaintiff did not provide telephone number (XXX) XXX-2061 to Defendant.

26.    Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-2061.

3

27.    Defendant did not have Plaintiff's prior express consent to place any calls to telephone number (XXX) XXX-2061.

28.    Defendant placed the subject calls to telephone number (XXX) XXX-2061 for non-emergency purposes.

29.    Defendant placed the subject calls to telephone number (XXX) XXX-2061 voluntarily.

30.    Defendant placed the subject calls to telephone number (XXX) XXX-2061 under its own free will.

31.    Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (XXX) XXX-2061.

32.    The subject prerecorded voice messages are generic—i.e., Defendant delivered the exact same message to telephone number (XXX) XXX-2061 on at least two occasions—and the messages sound robotic and contain no pauses or breaks in speech as is common in a normal live speech pattern.

33.    Given the generic nature of the messages and the content of the messages, the messages Defendant delivered to telephone number (XXX) XXX-2061 were prerecorded in nature.

34.    Defendant's records will identify each call it placed to telephone number (XXX) XXX-2061.

35.    Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (XXX) XXX-2061.

36.    Plaintiff suffered actual harm as a result Defendant's subject calls to telephone number (XXX) XXX-2061, in connection with which Defendant used an artificial or prerecorded voice message, in that Plaintiff suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

37.    Plaintiff found the artificial or prerecorded voice messages to be irritating and invasive.

38.    Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

### Class Action Allegations

39.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Southwest Gas Corporation placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a current Southwest Gas Corporation customer, (3) in connection with which Southwest Gas Corporation used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

40.    Excluded from the class is Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

41.    Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

42.    The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

43.    The proposed class is ascertainable because it is defined by reference to objective criteria.

44.    In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

45. Plaintiff's claims are typical of the claims of the members of the class.

46. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

47. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

48. Plaintiff's claims are based on the same theories as the claims of the members of the class.

49. Plaintiff suffered the same injuries as the members of the class.

50. Plaintiff will fairly and adequately protect the interests of the members of the class.

51. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

52. Plaintiff will vigorously pursue the claims of the members of the class.

53. Plaintiff has retained counsel experienced and competent in class action litigation.

54. Plaintiff's counsel will vigorously pursue this matter.

55. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

56. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

57. Issues of law and fact common to all members of the class are:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

d.  Defendant's use of an artificial or prerecorded voice; and

e.  The availability of statutory penalties.

58.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

59.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

60.    The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

61.    The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

62.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

63.    The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

64.    The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

65.    There will be little difficulty in the management of this action as a class action.

### Count I

### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

66.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-65.

67.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

68.    Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

69.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action;

b)  Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c)  Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)  Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e)  Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

f)  Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

g)  Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

h)  Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

i)  Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: August 7, 2023

*/s/ James L. Davidson*
James L. Davidson*
Aaron D. Radbil*
Jesse S. Johnson*
Greenwald Davidson Radbil PLLC

Counsel for Plaintiff and the proposed class

*to seek admission pro hac vice